## HENDERSON et al. v. UNITED STATES.
### No. 2978.

Circuit Court of Appeals, Fourth Circuit.

June 12, 1930.

Charles L. Abernethy, Jr., of New Bern, N. C. (Abernethy & Abernethy and Charles L. Abernethy, all of New Bern, N. C., on the brief), for appellants.

Irvin B. Tucker, Sp. Asst. U. S. Atty., of Whiteville, N. C. (W. H. Fisher, U. S. Atty., of Clinton, N. C., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and BAKER and GRONER, District Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of the United States for the Eastern District of North Carolina, made absolute on the 11th day of April, 1929, against the appellants, in the sum of $2,500. John Henderson, the appellant, was convicted in said court of the offense of attempting to bribe an officer of the United States, in violation of section 39 of the United States Criminal Code (18 USCA § 91), and sentenced to serve a year and a day in the Atlanta Penitentiary, and fined $200. Appeal was taken to the United States Circuit Court of Appeals, Fourth Circuit, and the judgment of the court below was affirmed, but the mandate was stayed, pending petition in the United States Supreme Court for writ of certiorari. The writ was refused by the Supreme Court, and the mandate was filed in the District Court on October 18. In the meantime, on October 9, the defendant was called in the District Court on his bond. Failing to answer, judgment nisi was entered for $2,500, the amount of his bond. Appellant Maryland Casualty Company was surety on the bond. On April 11, 1929, judgment absolute was taken and execution ordered to issue. Again, on June 7, defendant was called and failed to answer, and judgment nisi for the amount of bond was again taken. Scire facias was issued, and the return showed that the appellant John Henderson was not to be found in the district. Again in October, 1929, capias for defendant was returned not executed, the defendant was not to be found in the district.

It is not necessary to cite authorities to the effect that one in default of bail bond cannot be heard by attorney as to any motion while the default exists. The appellant John Henderson clearly was in default according to the record. The record discloses that no proper motion was made to set aside the judgment absolute, taken on April 11, 1929. The government is clearly entitled to judgment on the bond, under facts and circumstances disclosed by the record, and the judgment of the court below is accordingly affirmed.